FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Sep 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALEXANDRIA B.,

         Plaintiff,

         v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

         Defendant.

No. 2:24-CV-00323-JAG

ORDER AFFIRMING
DECISION OF THE ALJ

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment and the Commissioner's Brief in response. ECF Nos. 8, 15. Attorney Chad Hatfield represents Plaintiff; Special Assistant United States Attorneys Jacob Phillips represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's request to affirm the decision of the Administrative Law Judge ["ALJ"] and **DENIES** Plaintiff's Motion for Summary Judgment, ECF. No. 8.

## I.     JURISDICTION

Plaintiff filed applications for Supplemental Security Income on February 2, 2021, alleging disability since January 24, 2016, due to Bipolar, Anxiety,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the Defendant in this suit.

ORDER AFFIRMING ALJ'S DECISION - 1

Depression, Blind in Left Eye, Sleep Apnea, Insomnia, ADHD, and Panic Attacks. Tr. 19, 103, 216-231. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an ALJ. Tr. 109, 115, 132. Plaintiff amended her alleged onset date to February 2, 2021, during a hearing held on June 2, 2023. Tr. 19, 52-53. Another hearing was held on October 25, 2023, at which vocational expert Abbe May, and Plaintiff, who was represented by counsel, testified. Tr. 62. ALJ Deanna Sokolski presided. Tr. 63. The ALJ denied benefits on November 8, 2023. Tr. 16-41. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 22, 2024. ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1998 and was 23 years old on the amended alleged onset date. Tr. 103. Plaintiff has no past relevant work. Tr. 34.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

ORDER AFFIRMING ALJ'S DECISION - 2

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER AFFIRMING ALJ'S DECISION - 3

## V.    ADMINISTRATIVE FINDINGS

On November 8, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At *step one*, ALJ Sokolski found that Plaintiff had not engaged in substantial gainful activity since the amended onset date of February 2, 2021.  Tr. 21.

At *step two*, ALJ Sokolski found Plaintiff had the severe impairments of obesity, disorder of the left medial meniscus, chronic back pain, left-eye blindness, generalized anxiety disorder, major depressive disorder, post-traumatic stress disorder, attention deficit hyperactivity disorder, intermittent explosive disorder, borderline personality disorder, and borderline intellectual functioning.  Tr. 21.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 22.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; occasionally push and pull and operate foot controls with the left lower extremity; can perform a job that does not require binocular vision; must avoid all exposure to workplace hazards such as unprotected heights, dangerous moving machinery; and can perform simple routine tasks in an environment not involving work requiring a specific production rate such as assembly line work or work that requires hourly quotas but can perform work involving simple work related decisions and occasional work place changes and occasional interaction with supervisors, coworkers and no interaction with the public as part of the job duties.

Tr. 25.

At *step four*, the ALJ found that Plaintiff had no past relevant work.  Tr. 34.

At ***step five***, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of mail sorter, merchandise marker, or housekeeping.  Tr. 35

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 36.

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends that the ALJ erred by (1) improperly evaluating medical evidence—specifically opinions from Dr. Genthe and Nurse Chad Love; (2) failing to conduct an adequate Step 3 evaluation; (3) improperly. rejecting Plaintiff's subjective complaints; and (4) failing to conduct an adequate Step 5 analysis.

## VII.    DISCUSSION

Upon review of the record and as discussed in detail below, the Court finds that the ALJ did not err.  The ALJ's decisions rested on substantial evidence and the ALJ did not commit a harmful error.

A.    **Medical Opinions.**

1.    ***Standard to Evaluate Medical Opinions.***

To avoid legal error an ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the

ORDER AFFIRMING ALJ'S DECISION - 5

source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c); 20 C.F.R. § 416.920c(c)(1)-(2).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id*.

### 2.    *Dr. Thomas Genthe.*

The ALJ found Dr. Genthe's opinion as to limitations unpersuasive because the treatment notes and Plaintiff's medical record did not support the limitations opined by Dr. Genthe.  Tr. 32.  Plaintiff argues that the ALJ erred by not adopting Dr. Genthe's limitations.  A conflict between treatment notes and a treating provider's opinions constitutes an adequate reason to discredit the opinions of a treating physician or another treating provider.  *See Molina v. Astrue,* 674 F.3d 1104, 1111-12 (9th Cir. 2012) (recognizing that a conflict with treatment notes is a germane reason to reject a medical opinion); *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692-93 (9th Cir. 2009).  Additionally, the ALJ noted that Dr. Genthe's opinion conflicted with various forms of objective evidence: (1) Plaintiff's self-report of attending post-secondary schooling; (2) his opinion that she could not maintain a work schedule when she was in fact working at the time; and his opinion failed to address increased mood stability once Plaintiff took medication.  Combined, the rationale laid out by the ALJ for rejecting the severity of limitations opined by Dr. Genthe is well supported.

### 3.    *Nurse Practitioner Chad Love.*

Upon review of the record, the ALJ found Chad Love's 2022 opinion (set forth in treatment notes) somewhat persuasive but concluded that the 2023 opinion was unpersuasive because it was not consistent with Plaintiff's treatment records. Tr. 31.  In light of the change of opinion over the course of a year without intervening injury or new medical diagnosis, the ALJ had to choose which restrictions endorsed by Chad Love most closely reflected the medical evidence.  Reliance on the treatment records to resolve the difference is a reasonable approach and reflects consistency as contemplated by the regulations.  Additionally, the ALJ found that the initial opinion was supported by the conservative treatment administered.  "[E]vidence of 'conservative treatment' is

sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007)

**B.    Step Three.**

Plaintiff's assignment of error at Step Three relies upon the Court finding error with the ALJ's analysis of the medical opinions.  Because the Court finds no error and finds that the ALJ's review of the medical opinions is supported by substantial evidence, the Court concludes no error was made at Step Three.

**C.    Subjective Complaints.**

Plaintiff contends that the ALJ improperly discounted her subjective complaints.  In rejecting the intensity, persistence, and limiting effects of Plaintiff's conditions, the ALJ relied upon and closely examined the longitudinal medical record with a particular eye towards the effectiveness of mental health medication and its ameliorative effect, as well as treatment records and history of treatment of Plaintiff's various physical complaints.  Tr. 27–29.  Lastly, the ALJ examined Plaintiff's testimony regarding her daily activities and noted that Plaintiff's testimony conflicted with information she had provided during a consultative examination.  Tr. 29.  The Court finds no error with regard to the ALJ's evaluation of Plaintiff's subjective complaints.

**D.    Step Five.**

Lastly, Plaintiff argues that the limitation that Plaintiff has occasional interaction with coworkers and supervisors is per se disabling.  In support, Plaintiff cites to a Second Circuit case that discusses whether the probationary period of employment should be considered when making a Step Five determination.  *See Sczepanski v. Saul*, 946 F.3d 152, 159 (2d Cir. 2020).  Plaintiff assumes, without citation or proof, that all jobs require more than occasional interaction with a supervisor during the early stages of employment.

ORDER AFFIRMING ALJ'S DECISION - 8

Vocational Expert Abbe May's testimony belies Plaintiff's argument.  The Vocational Expert opined that jobs exist in the national economy that require only occasional interaction with coworkers and supervisors.  Tr. 96–98.  The ALJ reasonably relied on the uncontested expert opinion of the Vocational Expert. Consequently, the Step Five analysis is supported by substantial evidence.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1.     The ALJ'S opinion is **AFFIRMED** and the Commissioner's request to affirm at **ECF No. 15**, is **GRANTED.**

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 8**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 29, 2025.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER AFFIRMING ALJ'S DECISION - 9